UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD EVERETT, <br><br> Plaintiff, <br><br> v. <br><br> INDIANA DEPT. OF CORRECTION, et al., <br><br> Defendants. | CAUSE NO.: 3:20-CV-393-JD-MGG |

OPINION AND ORDER

Richard Everett, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

As a preliminary matter, Mr. Everett has moved for "summary judgment" in his favor. (ECF 5.) In effect, he argues that he filed his complaint more than 30 days ago and the defendants have "not responded in any way, shape or form." (*Id.* at 3.) Because Mr. Everett is a prisoner, his complaint is subject to screening under 28 U.S.C. § 1915A. The defendants are under no obligation to respond to the complaint unless and until he is

granted leave to proceed on a claim by this court. *See* 42 U.S.C. § 1997e(g)(2). Nor have defendants been served with the complaint, making summary judgment against them improper. Therefore, the motion will be denied.

Turning to the complaint, Mr. Everett alleges that on September 25, 2019, Sergeant Trim (first name unknown), an officer at Westville Correctional Facility, failed to properly inventory and secure his personal property. He does not detail exactly what occurred, but claims that her failings led to loss of his property worth approximately $2,500. He sues Sergeant Trim and her employer, the Indiana Department of Correction, seeking monetary compensation for his lost property and punitive damages.

It appears that Mr. Everett is attempting to assert a claim under the Due Process Clause of the Fourteenth Amendment. However, because he has an adequate state post-deprivation remedy available, he cannot pursue a federal due process claim pertaining to the loss of his personal property. *See Higgason v. Morton*, 171 F. App'x 509, 512 (7th Cir. 2006) (Indiana Tort Claims Act precluded Indiana inmate's due process claim arising from the loss of property in his cell); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[Plaintiff] has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). To the extent he is claiming that Sergeant Trim violated Indiana Department of Correction policies in inventorying and securing his property, the violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door."); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from

constitutional violations, not violations of state laws[.]"). Therefore, his allegations do not state a plausible claim for relief under 42 U.S.C. § 1983.

Ordinarily, the court should give a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, the court is not required to grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). The court finds no basis to conclude that, if given another opportunity, Mr. Everett could state a plausible constitutional claim in connection with the loss of his property, consistent with the allegations he has already made.

For these reasons, the court:

(1) DENIES the "motion for summary judgment" (ECF 5);

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a plausible federal claim, and DISMISSES any state law claim contained in the complaint without prejudice; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on August 28, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT